```
                                                    CLERK'S OFFICE U.S. DIST. COURT
                                                         AT ROANOKE, VA
                                                              FILED

                                                          MAY 1 2 2005
```

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

JOHN F. CORCORAN, CLERK
BY: /s/
   DEPUTY CLERK

| | |
|---|---|
| JOSEPH BOWLER, )<br>    Plaintiff, ) | Civil Action No. 7:05-cv-00391 |
| ) | |
| v. ) | **MEMORANDUM OPINION** |
| ) | |
| C/O BRANHAM, et al., ) | By: Hon. James C. Turk |
|     Defendants. ) | Senior United States District Judge |
| ) | |

Plaintiff Joseph Bowler, a Virginia inmate acting <u>pro se</u>, submits this civil rights complaint, pursuant to 42 U.S.C. §1983. Bowler also applies to proceed <u>in forma pauperis</u> and submits a declaration of assets. In this complaint, Bowler asserts that the defendant officers at Red Onion State Prison destroyed Bowler's personal property during a cell shakedown on or about April 23, 2005, that they confiscated his earplugs and eye glasses for no reason, and that they made verbal threats to harm him. Upon review of the record, the court concludes that Bowler's complaint must be filed for administrative purposes only and immediately dismissed without prejudice, pursuant to 28 U.S.C. §1915(g).

As stated, Bowler has not prepaid the $250.00 filing fee required in civil actions and, instead, seeks to proceed <u>in forma pauperis</u>. Court records indicate that Bowler has filed at least three prior civil actions, <u>in forma pauperis</u>, that were dismissed as malicious, frivolous, or for failure to state a claim: <u>Bowler v. Braxton</u>, 7:03-cv-00652 (W.D. Va. December 3, 2003)(dismissed under §1915A, failure to state a claim); <u>Bowler v. Young</u>, 7:03-cv-00231 (W.D. Va. April 7, 2003)(dismissed without prejudice under 28 U.S.C. §1915A(b)(1) for failure to state a claim); <u>Bowler v. Young</u>, 7:03-cv-00148 (W.D. Va. March 6, 2003) (dismissed without

prejudice under 28 U.S.C. §1915A(b)(1) for failure to state a claim). Therefore, under 28 U.S.C. §1915(g), he is barred from filing a civil action in forma pauperis in this court unless he demonstrates that he is in imminent danger of physical harm related to his claims.

Bowler's allegations in his current complaint concern destruction of personal property and verbal threats. He does not allege any facts demonstrating that he is in imminent danger of physical harm related to his claims in this action. Accordingly, the court cannot find that he qualifies to proceed under §1915(g) without prepayment of the fee in pursuing this civil rights complaint under §1983. Therefore, the court will deny Bowler's request to proceed in forma pauperis under §1915(g). Furthermore, the court will dismiss without prejudice Bowler's apparent claims of negligence and destruction of property under state law. He includes a notice of tort claim, apparently under the Virginia Tort Claims Act. Inasmuch as Bowler has failed to meet the in forma pauperis requirements under §1915(g) or to prepay the filing fee, the court also declines to exercise supplemental jurisdiction over any supplemental state law claims, pursuant to 28 U.S.C. §1367(c).

Finally, the court concludes from the record that Bowler is well aware of his three strikes and the requirement that he prepay the fee or otherwise satisfy §1915(g). Therefore, the court will file and dismiss this action without prejudice. An appropriate order shall be issued this day.

The Clerk is directed to send certified copies of this memorandum opinion and the accompanying order to plaintiff and to counsel of record for the defendants, if known.

ENTER: This 11th day of May, 2005.

/s/ James C. Turk
Senior United States District Judge

2